**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RUBEN JONES,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL WILLIAMS, JEAN-MARIE HORVAT, JAMAL RASHID, JORDAN HOUSTON, AAQUIL BROWN, KHALIF BROWN, JAYCEN JOSHUA, EAR DRUMMERS, INTERSCOPE,<br><br>Defendants. | CASE NO. 1:22-cv-01805-WMR |

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND NOTICE OF JOINDER IN PENDING MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW UMG Recordings, Inc.,[1] and, by and through its undersigned counsel, files this Motion to Dismiss Plaintiff's First Amended Complaint for Lack

[1] In the caption of Plaintiff's Amended Complaint, Plaintiff purports to name Universal Music Group and Interscope Records as defendants. As noted in the Amended Corporate Disclosure Statement, the proper party is UMG Recordings, Inc., of which Interscope Records is an unincorporated division.

of Personal Jurisdiction and respectfully join in the pending Motion to Dismiss, and shows this Court as follows:

I. Joinder in Motion to Dismiss

Defendant UMG Recordings, Inc. ("UMG") joins in the Motion to Dismiss for Failure to State a Claim as filed by Defendant Michael Williams (Dkt. 22). In addition to failing to identify the allegedly infringed work or works, plaintiff's Complaint fails to allege what was supposedly copied or by whom, and his claim is time-barred.

II. Lack of Personal Jurisdiction

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). Plaintiff's First Amended Complaint ("FAC") contains no allegations that would satisfy his burden.

Indeed, the only reference made to UMG in the FAC is the allegation that UMG "is incorporated under the laws of the State of CA and has its principal place of business in the State of CA." (Doc. 19, pp. 1). Similarly, Plaintiff asserts that Interscope Records[2] "is incorporated under the laws of the State of CA and has its

[2] The Court's docket shows that Interscope was terminated as a party on June 16, 2022.

principal place of business in the State of CA." (Doc. 19, pp. 9). Without regard to factual correctness relating to the name of the parties and the separateness of Interscope Records as an entity, even accepting the facts as alleged to be true, and construing the pro se Complaint liberally, Plaintiff has failed to allege facts that would satisfy a prima facie case that the Court can exercise personal jurisdiction of UMG and the Court should dismiss UMG for lack of personal jurisdiction under F.R.C.P. § 12(b)(2).

## Conclusion

Defendant UMG joins Defendant Williams' Motion to Dismiss and separately and respectfully requests dismissal based on lack of personal jurisdiction.

This the 26th day of October, 2022.

/s/ Ryan Isenberg
Ryan L. Isenberg
Georgia Bar No. 384899
Isenberg & Hewitt, P.C.
600 Embassy Row, Suite 150
Atlanta, Georgia 30328
770-351-4400
ryan@ihlaw.us

**Certificate of Service**

This is to certify that the within and foregoing Motion to Dismiss and Notice of Joinder has been filed using the Court's CM\ECF system, which will generate notice to the following counsel of record:

Dean R. Fuchs - d.fuchs@swtwlaw.com
Eileen H. Rumfelt - eileen.rumfelt@millermartin.com
Thomas C. Lundin , Jr. - tom.lundin@fisherbroyles.com

And, a copy will be delivered to Plaintiff via regular, first-class mail, with adequate postage affixed thereto, and addressed as follows:

Ruben Jones
P.O. Box 55061
Atlanta, GA 30308

/s/ Ryan Isenberg