IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUBEN JONES, | |
| Plaintiffs, | Civil Action No. |
| v. | 1:22-cv-01805-WMR |
| MICHAEL WILLIAMS, JEAN-MARIE HORVAT, JAMAL RASHID, JORDAN HOUSTON, AAQUIL BROWN, KHALIF BROWN, JAYCEN JOSHUA, EAR DRUMMERS, UNIVERSAL MUSIC GROUP, INTERSCOPE RECORDS | |
| Defendants. | |

## ORDER

This matter is before the Court on Defendant Michael Williams's Motion to Dismiss Plaintiff's Amended Complaint. [Doc. 22]. Upon consideration of the parties' arguments, controlling authority, and all appropriate matters of record, Defendant Williams's Motion to Dismiss Plaintiff's Amended Complaint is hereby **GRANTED** in part. The Court dismisses the action without prejudice.

## I.   BACKGROUND

On May 6, 2022, Plaintiff Ruben Jones ("Plaintiff") filed his pro se Complaint against nine Defendants: Khalif Brown, Aaquil Brown, Jordan Houston,

1

Jamal Rashid, Jean-Marie Horvat, Michael Williams, Jaycen Joshua, Ear Drummers, and Interscope. [Doc. 1]. Plaintiff's substantive allegations read:

> My song Me and My Brother and video was infringed on by the defendants Powerglide. My song and video was uploaded and published on Dec. 8 2010 on Youtube. The defendants Powerglide was recorded 2017 and versions released March 1, and Feb 16, 2018. Me and My Brother song and video are copyrighted.

[*Id.*] Plaintiff demands a jury trial and seeks relief in the form of $10,000,000 in damages. [*See id.*]

On May 31, 2022, Defendant Williams filed a Motion to Dismiss for failure to state a claim. [Doc. 3]. On June 16, 2022, Plaintiff filed an Amended Complaint against the nine defendants listed above and an additional defendant, Universal Music Group. [Doc. 19]. Aside from adding an additional defendant and clarifying that the defendant "Interscope" is instead "Interscope Records" [Doc. 19 at 1], Plaintiff's Amended Complaint is substantively identical to his original complaint. [Doc 19; Doc 1]. Because Plaintiff filed an Amended Complaint, this Court terminated as moot Defendant Williams's Motion to Dismiss Plaintiff's original complaint [Doc. 3] through a Minute Entry Order on June 27, 2022.

On July 7, 2022, Defendant Williams filed a Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim. [Doc. 22]. On the same day, Defendant Jean-Marie Horvat joined Mr. Williams's Motion to Dismiss. [Doc. 23]. Defendants Aaquil and Khalif Brown joined Mr. Williams's Motion as well.

2

[Doc. 24]. In his Motion to Dismiss, Defendant Williams asks this Court to dismiss the action with prejudice. [Doc. 22]. Plaintiff filed a response to Defendant Williams's motion to dismiss on July 25, 2022. [Doc. 29]. Defendant Williams replied on August 9, 2022. [Doc. 30]. The Court now reviews Defendant Williams's Motion to Dismiss Plaintiff's Amended Complaint. [Doc. 22].

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and that rises above a speculative level. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This short and plain statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555.

To satisfy the Rule 8 pleading requirements, the complaint must contain "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While the complaint "does not need detailed factual allegations," Rule 8 requires "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will

3

not do." *Twombly*, 550 U.S. at 555. A plaintiff cannot rest on "naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Any legal conclusions in the complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Conclusory allegations and legal conclusions "masquerading as facts" will not prevent dismissal. *Oxford Asset Mgmt., Ltd. V. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

At the motion to dismiss stage, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in the light most favorable to the plaintiff. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). Additionally, since Plaintiff is a pro se litigant, the Court has an obligation to construe his pleadings liberally. *See Tannenbaum v. United States*, 148 F.3d 1359, 1369 (11th Cir. 1998). However, this obligation does not allow the Court to "serve as de facto counsel" or "rewrite an otherwise deficient pleading" for a pro se litigant. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019) (internal citation and quotation marks omitted).

### III. DISCUSSION

Defendant Williams's Motion to Dismiss is granted in part because Plaintiff's Amended Complaint [Doc. 19] fails to state a claim upon which relief can be granted. To state a claim for copyright infringement, a plaintiff must show: (1) ownership of a valid copyright and (2) copying of constituent elements of the

work that are original. *See Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). To establish the element of copying in the Eleventh Circuit, the plaintiff must show that the defendant had access to the copyrighted work and that the two works are so 'substantially similar' that an average lay observer would recognize the alleged copy as having been appropriated from the original work. *See Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982).

Here, Plaintiff fails to allege facts sufficient to support an inference that Defendant Williams copied his work.[1] [*Id.* at 10]. Furthermore, Plaintiff's claim, as currently drafted, is barred by the statute of limitations. Therefore, the Court dismisses the action without prejudice.

---

[1] Because Plaintiff fails to state a claim under the second element of copyright infringement, the Court need not decide whether Plaintiff also failed to state a claim under the first element: ownership of a valid copyright. However, the Court notes that while Plaintiff states his "song 'Me and My Brother' and the accompanying music video to the song" are copyrighted works [Doc. 19 at 10; Doc. 29-1 at 2], Plaintiff's Complaint does not allege that he owns a copyright registration for either work. [*See* Doc. 19]. As a statutory prerequisite to filing a copyright infringement suit, a plaintiff must have registered the copyright in question. *See* 17 U.S.C. 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made"); *Dowbenko v. Google Inc.*, 582 F. App'x 801, 805 (11th Cir. 2014) ("The Supreme Court recently clarified that, although § 411(a)'s registration requirement is not jurisdictional, it nevertheless amounts to 'a precondition to filing a claim.'") (quoting *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 157 (2010)). While Plaintiff's Response to Defendant Williams's Motion to Dismiss [Doc. 29-1] asserts that Plaintiff "registered a copyright for the song titled 'Me and My Brother,'" at no point does Plaintiff indicate that he possesses a registration for the video. If Plaintiff chooses to file another amended complaint, the Court notes that Plaintiff must allege that he possesses copyright registrations for any and all works that he claims have been infringed.

### A. Failure to Sufficiently Claim Copying

Plaintiff fails to plead the second element of a copyright infringement claim: that Defendant Williams copied his work. A plaintiff may successfully plead copying by alleging facts sufficient to support an inference that (1) the defendant had access to plaintiff's work and (2) the two works are substantially similar. *See Toy Loft*, 684 F.2d at 829. To allege substantial similarity, Plaintiff cannot simply state legal conclusions, but must instead describe similarities between the original elements of his work and Defendant Williams's work to support his allegations. *See Iqbal*, 556 U.S. at 679; *see also Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1316 (11th Cir. 2010) (holding that the court applies the "substantial similarity test" by identifying and comparing "only those elements of the copyrighted work that are actually subject to copyright protection – that is, elements of original expression in the copyrighted work."); *Singleton v. Dean*, 611 F. App'x 671, 672 (2015) (affirming district court's dismissal of pro se plaintiff's copyright infringement complaint because "[Plaintiff] has not shown any examples of copyright infringement, because the alleged similarities either do not exist or concern broad ideas…").

While Plaintiff alleges facts sufficient to show that Defendant Williams had access to his work, he fails to allege any facts supporting an inference of substantial similarity between the works. Plaintiff states that he published his work

"Me and My Brother" to YouTube on Dec. 8, 2010. [Doc. 19 at 10]. This well-pleaded fact, accepted as true at the pleading stage, supports an inference that Defendant Williams had access to Plaintiff's work because once content is published on the YouTube platform, it is accessible to the public.

Plaintiff fails, however, to allege facts sufficient to support an inference that his work, "Me and My Brother," and Defendant Williams's work, "Powerglide," are substantially similar. The Complaint merely states that his work was "infringed on" by Defendant Williams, without alleging any facts regarding how Defendant Williams allegedly did so. [Doc. 19]. Although this Court liberally construes the complaint to assume that Plaintiff intends to claim that Defendant Williams copied his work, Plaintiff fails to provide a single example of substantial similarity between his work and Defendant Williams's.[2] [*Id.*] Plaintiff does not specify what aspect of the work was allegedly copied by Defendant Williams, such as lyrics, melody, harmonic progression, or arrangement; nor does he allege any specific similarities at all between the songs or videos of "Me and My Brother" and Defendant Williams's "Powerglide." [*Id.*]

Plaintiff also fails to set forth the role that each defendant played in copying his work. [Doc. 19]. The Amended Complaint names ten defendants without

---

[2] The only allegation that Plaintiff sets forth is found in one conclusory sentence in Plaintiff's Response to Defendant Williams's Motion to Dismiss [Doc. 29-1], where Plaintiff claims that "[t]he versions of the song 'Powerglide' released in March 2018 and February 2018 were identical to the Plaintiff's song 'Me and My Brother' in lyrics, melody, harmonic progression, and arrangement."

specifying each defendant's connection to the alleged work or the act(s) taken by each defendant that would support a claim of copyright infringement. [*Id.* at 8-10]. Because the Amended Complaint fails to give each defendant "fair notice" of the claim and the grounds upon which it rests, it fails to state a claim upon which relief may be granted. *See Twombly*, 550 U.S. at 555.

In sum, Plaintiff has failed to allege any facts supporting an inference of substantial similarity between his work and Defendant Williams's work and therefore fails to allege the second required element of his copyright infringement claim. Nor does Plaintiff's claim give fair notice to each defendant of the grounds upon which the claim rests. Therefore, Plaintiff fails to state a claim under the requirements of Federal Rule of Civil Procedure 8(a)(2).

### B. Statute of Limitations

Defendant Williams further argues in his Motion to Dismiss [Doc. 22] that Plaintiff's claim is barred by the statute of limitations. While this Court agrees that Plaintiff's claim, as currently drafted, is barred by the statute of limitations, it rejects Defendant Williams's reasoning for this conclusion.

Under the Copyright Act, civil copyright claims must be "commenced within three years after the claim accrued." 17 U.S.C. §507(b). The Eleventh Circuit has held that when a claim accrues depends on the nature of the copyright claim. *See Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (2020) ("[U]nlike an

ordinary copyright infringement claim, which accrues for each infringing act, a claim concerning mainly ownership accrues only once."). For copyright infringement claims, each new infringing act causes a new claim to accrue. *See id.* But copyright ownership claims accrue "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights." *Id.* ("Webster's copyright ownership claim accrued when he knew, or reasonably should have known, that his ownership rights in the [disputed work] were being violated."). Dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted).

Here, Defendant Williams argues that "copyright ownership is squarely in dispute," and as a result, Plaintiff's copyright claim "accrued with the issuance to Defendants of copyright registrations for 'Powerglide.'" [Doc. 22-1 at 24-25]. Thus, Defendant contends, "as a matter of law, Plaintiff 'knew or should have known' of his claim no later than those dates" of registrations.[3] [*Id.* at 25]. Defendant further contends that because Plaintiff's copyright ownership claim is

---

[3] Specifically, Defendant Williams argues that "any infringement claim arising from the 'recording' or 'release' of the accused infringing work 'Powerglide' accrued no later than May 8, 2018—when the sound recording registration issued; May 16, 2018—when the motion picture registration issued; or June 6, 2018—when the musical work registration issued to Defendants for their 'Powerglide' works[; thus,] the latest that Plaintiff could have filed its Complaint within the statute of limitations would have been June 6, 2021."

9

barred, Plaintiff's copyright infringement claim is necessarily barred as well. [*Id.*] Moreover, because an ownership claim accrues only once, Defendant urges that "[d]ismissal should be with prejudice because amendment would be futile inasmuch as no amendment would cure the fact that the claim is time-barred." [*Id.*]

Construing Plaintiff's pro se complaint liberally and drawing all reasonable inferences in the light most favorable to the plaintiff, the Court finds that the nature of Plaintiff's copyright claim is best characterized as a copyright infringement claim. *See Bryant.*, 187 F.3d at 1274 n.1. Although the plaintiff must claim ownership of a valid copyright as part of the copyright infringement claim, this is different from a true copyright ownership claim, where the plaintiff claims that he owns a valid copyright for the same exact work for which the defendant also claims to own a valid copyright. *See Webster*, 955 F.3d 1270 (holding that the plaintiff's claim was one "primarily concerning copyright ownership" when his "main argument [wa]s that he owns the lightning storm graphic" and defendants agreed that they had "reproduced the [disputed] graphic on several guitar models without [the plaintiff]'s permission"). While Plaintiff's claim is somewhat unclear and does not specify exactly how the works were allegedly infringed, his focus

seems to be on the infringing acts of Defendants, specifically how "Powerglide" infringed upon "Me and My Brother."[4]  [*See* Doc. 19].

Even construing Plaintiff's claim as a copyright infringement claim, the only alleged acts of infringement fall outside of the three-year statute of limitations. [Doc. 19 at 10].  The Complaint states, "The defendants Powerglide was recorded 2017 and versions released March 1, and Feb 16, 2018." [*Id.*]  Based on the most recent infringing act stated by the Plaintiff, the copyright infringement statute of limitations ran out on March 1, 2021, over a year before Plaintiff filed his claim on May 6, 2022.[5]  Plaintiff fails to allege any other infringing act. Thus, under the statute of limitations for a copyright infringement claim, Plaintiff's claim is time-barred because the most recent act of copyright infringement occurred more than three years before Plaintiff filed his claim.

Plaintiff's pro se complaint suffers from serious deficiencies in alleging facts sufficient to support his claim of copyright infringement, and it is thus possible that Plaintiff could replead his claim to show that the alleged infringement did occur within the statute of limitations for a copyright infringement claim.  *See Kwan v. Schlein*, 634 F.3d 224, 228 (2d Cir. 2011) ("[A]n infringement action may be

---

[4] One paragraph makes up the entirety of Plaintiff's claim.  *See supra* at 2.
[5] The operative Amended Complaint [Doc. 19] was filed on June 16, 2022, but it relates back to the date of the original complaint [Doc. 1], which was filed on May 6, 2022.  *See* Fed. R. Civ. P. 15(c).

11

commenced within three years of *any* infringing act, regardless of any prior acts of infringement."). The Court therefore dismisses the claim without prejudice.[6]

## IV. CONCLUSION

For the above reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [Doc. 22] is **GRANTED** in part, and this action is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 1st day of November, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

---

[6] However, the Court notes that if Plaintiff's repleaded complaint—should Plaintiff decide to file one—shows that the "gravamen" of his copyright claim is ownership, the claim would be time-barred. *Webster*, 955 F.3d at 1276 (2020). Copyright ownership claims accrue only once, "when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights." *Id*. Given that Plaintiff "has been recording songs since 2006" and "began publishing his recorded songs on his YouTube channel [in 2010]," the Court finds that Plaintiff knew or should have known that his alleged ownership rights were being violated, at the latest, by March 1, 2018, the release date of "Powerglide." [*See* Doc. 19 at 10]. Thus, any ownership claim filed after March 1, 2021, falls outside the statute of limitations.